1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

JEREMIAH L. HOKE,

8

Plaintiff,

9

v.

10

CAROLYN W. COLVIN,

11

Defendant.

NO:  CV-13-124-FVS

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

12

13

BEFORE THE COURT are the parties' cross motions for summary

judgment. ECF Nos. 16 and 21.  This matter was submitted for consideration

14

without oral argument.  Plaintiff was represented by Dana C. Madsen. Defendant

15

was represented by Thomas M. Elsberry.  The Court has reviewed the

16

administrative record and the parties' completed briefing and is fully informed. For

17

the reasons discussed below, the court grants Plaintiff's Motion for Summary

18

Judgment and denies Defendant's Motion for Summary Judgment.

19

**JURISDICTION**

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  1

1    Plaintiff Jeremiah L. Hoke protectively filed for disability insurance benefits

2  on December 19, 2007 (Tr. 264-265), and supplemental security income ("SSI")

3  on December 20, 2007 (Tr. 266-268). Plaintiff initially alleged an onset date of

4  June 4, 2004 (Tr. 264, 266), but later amended the onset date to June 1, 2006 (Tr.

5  281). Benefits were denied initially and upon reconsideration. Tr. 156-159, 162-

6  165. Plaintiff requested a hearing before an administrative law judge ("ALJ"),

7  which was held before ALJ R.S. Chester on July 8, 2009. Tr. 43-81. Plaintiff was

8  not represented by counsel and he testified at the hearing. Tr. 52-70. The ALJ

9  denied benefits (Tr. 132-146), but the Appeals Council remanded the case and

10  directed the ALJ to consider the evidence de novo and conduct a new hearing (Tr.

11  151-154). This hearing was held before ALJ Moira Ausems on September 27,

12  2011. Tr. 82-127. Plaintiff was represented by counsel and testified at the hearing.

13  Tr. 93-115.  Medical expert Anne E. Winkler, M.D. (Tr. 88-92), and vocational

14  expert Daniel R. McKinney (Tr. 115-126) also testified. The ALJ denied benefits

15  (Tr. 20-36) and the Appeals Council denied review (Tr. 1). The matter is now

16  before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

18    The facts of the case are set forth in the administrative hearing and

19  transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner,

20  and will therefore only be summarized here.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 2

1    Plaintiff was 28 years old at the time of the hearing. He completed eleventh

2    grade. Tr. 117. Plaintiff's employment history includes work as a cook,

3    dishwasher, customer assistance representative, janitor, and flagger/road

4    maintenance worker. Tr. 59-65. Most recently, Plaintiff was employed as a cook at

5    a fast food restaurant. Tr. 93. Plaintiff complains of constant pain in his mid and

6    low back and shoulder; which he testifies prevents him from lifting, climbing

7    stairs, walking more than a block at one time, standing for more than five minutes.

8    Tr. 95-99. He also reported stomach pain two to three times a week at least; and

9    diarrhea two to five times a week which requires him to go to the bathroom five to

10   thirty times a day. Tr. 99-104. Plaintiff testified that he previously received

11   counseling for depression and anxiety. Tr. 104-106.

12                              **STANDARD OF REVIEW**

13    A district court's review of a final decision of the Commissioner of Social

14   Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

15   limited: the Commissioner's decision will be disturbed "only if it is not supported

16   by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

17   1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

18   relevant evidence that "a reasonable mind might accept as adequate to support a

19   conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

20   substantial evidence equates to "more than a mere scintilla[,] but less than a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  3

preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 5

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  6

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2006, the alleged onset date. Tr. 25. At step two, the ALJ found Plaintiff has the following severe impairments: lumbar and thoracic degenerative disc disease with lumbar form of Scheuermann's, morbid obesity,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 7

irritable bowel syndrome, dysthymia, and pain disorder associated with both

psychological factors and general medical condition. Tr. 26. At step three, the ALJ

found that Plaintiff does not have an impairment or combination of impairments

that meet or medically equals the severity of one of the listed impairments in 20

C.F.R. Part 404, Subpt. P, App'x 1. Tr. 27. The ALJ then determined that Plaintiff

had the RFC

> to perform light work as defined in 20 C.F.R. § 404.1567(b) and §
> 416.967(b) except no standing/walking for more than two hours during an 8-
> hour workday; no more than occasional participation in postural activities;
> no climbing ladders/ropes/scaffolds; no more than occasional bilateral
> overhead reaching; and the avoidance of concentrated exposure to hazards.
> Additionally, the claimant's [RFC] includes the need for ready access to the
> bathroom; the need to avoid a concentrated exposure to extreme heat and
> humidity; and an inability to perform more than semi-skilled (SVP 4) tasks
> due to deficits of concentration, persistence, and pace associated with his
> mental impairments and perceptions of pain.

Tr. 29. At step four, the ALJ found Plaintiff is unable to perform any past relevant

work. Tr. 34. At step five, the ALJ found that considering the Plaintiff's age,

education, work experience, and RFC, there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform. Tr. 35.

## ISSUES

The question is whether the ALJ's decision is supported by substantial

evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ did not

properly consider Plaintiff's testimony regarding his symptoms and limitations;

and (2) the ALJ did not properly consider nor reject the opinions of Dr. Scott

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  8

Mabee and Dr. John Arnold. ECF No. 16 at 9-11; ECF No. 23 at 1-7. Defendant

argues: (1) the ALJ's credibility finding was supported by substantial evidence;

and (2) the ALJ properly rejected the opinions of Dr. Mabee and Dr. Arnold. ECF

No. 21 at 2-7.

### DISCUSSION

**A. Credibility**

In social security proceedings, a claimant must prove the existence of

physical or mental impairment with "medical evidence consisting of signs,

symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's

statements about his or her symptoms alone will not suffice. *Id*. Once an

impairment has been proven to exist, the claimant need not offer further medical

evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v.*

*Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment

"could reasonably be expected to produce [the] symptoms," the claimant may offer

a subjective evaluation as to the severity of the impairment. *Id.* This rule

recognizes that the severity of a claimant's symptoms "cannot be objectively

verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

must make a credibility determination with findings sufficiently specific to permit

[a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 9

determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).

The ALJ did not identify any evidence of malingering. Plaintiff argues the ALJ improperly rejected Plaintiff's testimony regarding his limitations. ECF No. 16 at 10. Plaintiff testified that he had pain in his back and shoulder that limit his ability to walk, bend, lift and carry. Tr. 95-98. He testified that he has pain in his stomach two to three times a week; and has diarrhea two to five times a week that causes him to go to the bathroom anywhere from five to thirty times a day. Tr. 99-104. Plaintiff additionally testified that he was in counseling for depression and anxiety, although not at the time of the hearing, and his medication "kept it so [he didn't] want to kill [himself]." Tr. 104-105. The ALJ "did not find all of the [Plaintiff's] symptom allegations to be credible" and Plaintiff's "subjective statements of record regarding his symptoms and limitations are found to be supported by the weight of the evidence only to the extent consistent with the

assessment of residual functional capacity in this decision." Tr. 30. The ALJ listed

multiple reasons in support of this adverse credibility finding.

First, the ALJ found objective medical findings did not support "the degree

of limitation alleged" by Plaintiff. Tr. 30. Subjective testimony cannot be rejected

*solely* because it is not corroborated by objective medical findings, but medical

evidence is a relevant factor in determining the severity of a claimant's

impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)(emphasis

added).  Regarding his mental status, as identified by the ALJ, records from 2007

repeatedly describe Plaintiff as alert and oriented with intact memory, appropriate

mood and congruent affect. Tr. 381, 386, 388. Plaintiff also reported that he did not

feel depressed. Tr. 398. In 2008 and 2009 records describe Plaintiff as having

intact insight and judgment, full orientation, intact memory; and often report no

depression, anxiety or agitation. Tr. 621, 624, 627, 630, 641, 645-46, 651, 662,

666, 678-79, 682, 685, 689, 698. In November 2008 and June 2009 Plaintiff's

score on a mini mental status exam was 30 out of a possible thirty; he was able to

spell "world" backward and forward, obey simple commands, recall 3 out of 3

objects on short delayed memory, and earn normal range score in Trail making

tests A and B. Tr. 753, 765.  The court acknowledges objective evidence in the

record indicating that Plaintiff did have severe mental limitations as reflected by

the ALJ's findings at step two and the assessed RFC (See Tr. 433, 634, 658, 670,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 11

693; however, it was valid to reason that the objective findings listed above did not

corroborate "the degree of limitation" claimed by Plaintiff.

As to the physical limitations alleged by Plaintiff, the ALJ found the

objective findings "unimpressive when compared with the [Plaintiff's] allegations

of disability." Tr. 30. A MRI on July 2, 2008 showed only mild degenerative disc

disease and end plate irregularities consistent with a lumbar form of

Scheuermann's disease, but no evidence of stenosis or signs of neural compression.

Tr. 599. In April 2008 and July 2009 MRIs of the lumbar spine showed moderate

L5-S1 degenerative disc disease with mild degenerative changes at other lumbar

levels and findings consistent with Scheuermann's disease. Tr. 590, 593. Further

testing in July 2009 also revealed a radiographically unremarkable left hip and a

normal thoracic SPECT bone scan. Tr. 591, 596.  A CT scan of Plaintiff's

abdomen and pelvis in October 2007 revealed "[n]o significant abnormal findings"

and "[n]o change from the four prior CT scans." Tr. 452-53. This objective

medical evidence was relevant and properly considered by the ALJ, as it did not

form the sole basis for her adverse credibility finding.

As noted by the parties, the ALJ also found that Plaintiff's "exaggeration of

symptoms undercuts any credibility." Tr. 31. Exaggeration of symptoms is a

specific and convincing reason to discredit a claimant's testimony. *See Tonapetyan*

*v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). In support of her reasoning, the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  12

1    ALJ cited a chart notation from 2007 stating Plaintiff had tenderness "which seems

2    extreme, that is, even with the lightest palpation, the patient winces." Tr. 410.

3    Plaintiff argues that this notation does not suggest an exaggeration of symptoms

4    because objective findings at the same visit indicated some "discomfort," and

5    Plaintiff was subsequently issued a prescription for pain medication by the same

6    emergency room doctor. ECF No. 23 at 1-2 (*citing* Tr. 410). However, a plain

7    reading of this chart notation could reasonably be interpreted to suggest

8    exaggeration. "[W]here evidence is susceptible to more than one rational

9    interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v.*

10   *Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Andrews v. Shalala*, 53 F.3d

11   1035, 1039 (9th Cir. 1995)("[t]he ALJ is responsible for determining credibility").

12   Moreover, the record contains additional evidence of exaggeration of symptoms by

13   the Plaintiff.  In 2007 an emergency room doctor noted "I do not think his diarrhea

14   is as bad as he is complaining, of, as his lytes are normal and he has not had any

15   here in the ED, and he has been here for some time." Tr. 473.  In 2008 the record

16   includes evidence that Plaintiff's "thoracic spine is tender with light palpation.

17   Seems to be an exaggerated response." Tr. 658.

18        In addition, the ALJ cited a PAI test conducted in April 2007 that was

19   deemed "questionably valid" and found "several suggestions that the client tried to

20   portray himself in a negative or pathological manner in particular areas. He

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 13

presents with certain patterns or combination of features that are unusual or

atypical in clinical populations but relatively common among individuals feigning

mental disorder. Therefore any interpretation should be made with caution." Tr.

431. A "clinical interpretive report" by Dr. Leslie C. Morey expressed a similar

"concern about distortion of the clinical picture" due to "subtle suggestions that the

client attempted to portray himself in a negative manner." Tr. 822.  Plaintiff

contends that the PAI merely "suggested" negative portrayal and "what is unusual

or atypical of an unknown specific area is not a positive indication of

exaggeration." ECF No. 23 at 2-3. However, the precise meaning of the language

used in these opinions is susceptible to more than one reasonable interpretation,

and therefore the ALJ's reasoning is free of error.  *Burch*, 400 F.3d at 679.

Exaggeration of symptoms was a specific and convincing reason to discount

Plaintiff's credibility, and it was supported by substantial evidence.

Significantly, while not identified by either party, the ALJ offered additional

valid reasons for discounting Plaintiff's credibility. *See Carmickle v. Comm'r of*

*Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to

address this issue as it was not raised with specificity in Plaintiff's briefing). First,

the ALJ found that Plaintiff "has a pattern of disinterest in working toward

improvement of his allegedly disabling impairments." Tr. 31. Unexplained, or

inadequately explained, failure to seek treatment or follow a prescribed course of

treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Social Security Ruling ("SSR") 96-7p at *7 (July 2, 1996), available at 1996 WL 374186. This issue was not discussed at the hearing, and Plaintiff's briefing offers no explanation for his failure to pursue treatment. A review of the record shows that Plaintiff indicated that he did not have insurance, and could not afford treatment in 2004. Tr. 390, 395. However, evidence cited by the ALJ indicated Plaintiff failed to seek treatment at least three years later; and these records did not reflect any documented inability to afford treatment.

In January 2007, Plaintiff complained of shoulder pain but failed to follow up with an "ortho" and instead "[w]aited to see if shoulder [would] heal on its own." Tr. 385. In July 2007, a "physical therapy discharge summary" indicated that Plaintiff initially had "excellent potential to progress with physical therapy." Tr. 420. However, he scheduled "many" appointments and did not show up, nor did he return phone calls. Tr. 420. Therefore, he was discharged from physical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 15

therapy services until such time as he "was willing to participate with physical therapy on a regular basis." Tr. 420. This record mentions that Plaintiff did not pursue physical therapy *previous to* his evaluation in June 2007 because he did not have insurance at that time. Tr. 420. In June 2009, Plaintiff reported he was accepted as a client at Seattle Mental Health but "chose not to make the effort to go." Tr. 764. Plaintiff's failure to pursue treatment was a specific, legitimate reason to find him not credible.

Next, the ALJ reasoned that Plaintiff's activities of daily living were inconsistent with a finding of total disability. Tr. 31. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). It is well-settled that a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.*; *see also Orn*, 495 F.3d at 639 ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability."). However, even where activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

As noted by the ALJ, in January 2007 Plaintiff reported exercising two to three times a week by walking his dogs. Tr. 385. Plaintiff has no difficulty with

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 16

1    regular self-care, helps with chores, hangs out with friends, "drives around" and

2    drives his girlfriend to work, plays on the computer, watches television, and plays

3    with remote control cars. Tr. 106, 430, 547, 765-66, 827.  Additionally, Plaintiff

4    reported he would ride his four-wheeler around the yard "throughout the day" (Tr.

5    430); and in 2007 he presented at the emergency room because he "fell off his four

6    wheeler." Tr. 485. In 2008 Plaintiff reported that he "works on cars when he can."

7    Tr. 657. The ALJ found Plaintiff's "physical activity is inconsistent with his

8    complaints of disabling pain." Tr. 31. Tr. 26-27. It is noted that Plaintiff's

9    testimony about helping with chores is moderated by how he feels at the time; and

10   while he mentions hanging out with friends it is not "like it used to be." Tr. 103-

11   104, 109-111. However, while evidence of Plaintiff's daily activities may be

12   interpreted more favorably to the Plaintiff, "where evidence is susceptible to more

13   than one rational interpretation, it is the [Commissioner's] conclusion that must be

14   upheld." *Burch*, 400 F.3d at 679. Moreover, any error by the ALJ in considering

15   Plaintiff's daily activities when making her adverse credibility finding is harmless

16   because, as discussed above, the ALJ's remaining reasoning and ultimate

17   credibility finding is adequately supported by substantial evidence. *See Carmickle*,

18   533 F.3d at 1162-63.  Thus, the ALJ reasonably considered Plaintiff's daily

19   activities in finding Plaintiff not credible.

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 17

1      For all of these reasons, and having thoroughly reviewed the record, the

2  court concludes that the ALJ supported his adverse credibility finding with

3  specific, clear and convincing reasons supported by substantial evidence.

4  **B. Medical Opinion Evidence**

5      There are three types of physicians: "(1) those who treat the claimant

6  (treating physicians); (2) those who examine but do not treat the claimant

7  (examining physicians); and (3) those who neither examine nor treat the claimant

8  [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

9  *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted).

10 Generally, a treating physician's opinion carries more weight than an examining

11 physician's, and an examining physician's opinion carries more weight than a

12 reviewing physician's.  *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th

13 Cir.2001)(citations omitted). If a treating or examining physician's opinion is

14 uncontradicted, the ALJ may reject it only by offering "clear and convincing

15 reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

16 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

17 opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

18 providing specific and legitimate reasons that are supported by substantial

19 evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

20 "However, the ALJ need not accept the opinion of any physician, including a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  18

treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009)(quotation and citation omitted). Plaintiff argues "[t]he ALJ did not properly consider nor reject" the mental health opinions by Dr. Scott Mabee and Dr. John Arnold. ECF No. 16 at 10-11; ECF No. 23 at 5-6.

### 1. Dr. Scott Mabee

In May 2010, examining physician Dr. Mabee opined that Plaintiff had mostly mild cognitive limitations and a moderate limitation in the ability to perform routine tasks Tr. 828. However, Dr. Mabee opined marked limitations in Plaintiff's ability to relate appropriately to co-workers and supervisors, the ability to interact appropriately in public contacts, and the ability to maintain appropriate behavior in a work setting. Tr. 828. Additionally, Dr. Mabee assessed a severe limitation in Plaintiff's ability to respond appropriately and tolerate the pressures and expectations of a normal work setting. Tr. 828. He opined that "[d]ue to the longevity and chronicity of his issues, it is unlikely that [Plaintiff] would be able to obtain or maintain employment. Were he to become employed, he would miss many days due to physical complaints, which would lead to termination." Tr. 828.

The ALJ gave no weight to the opinion of Dr. Mabee because it was "unaccompanied by objective medical findings in its support. Additionally, the [Plaintiff's] ability to maintain employment is a disability issue left to the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 19

Commissioner of Social Security Administration." Tr. 33. Plaintiff correctly argues

the ALJ failed to provide the requisite reasons for rejecting his opinion.[1] First, the

ALJ's reasoning that Dr. Mabee's opinion was "unaccompanied by objective

medical findings in its support," is insufficient, standing alone, to reject his

opinion. It is well-settled in the Ninth Circuit that "[t]o say that medical opinions

are not supported by sufficient objective findings … does not achieve the level of

specificity our prior cases have required…." *Embrey v. Bowen*, 849 F.2d 418,

421(9th Cir. 1988). Defendant notes that the ALJ may properly reject any opinion

that is brief, conclusory and inadequately supported by clinical findings.  *Bayliss*,

427 F.3d at 1216. However, this argument is inapposite because Dr. Mabee's

evaluation included additional narration, and was accompanied by a detailed

mental status examination and the detailed results of MMPI-2-RF testing. Tr. 825-

_____

[1] Plaintiff argues that Dr. Mabee and Dr. Arnold's opinions are "uncontradicted"

and therefore can only be rejected for clear and convincing reasons supported by

substantial evidence. *Bayliss,* 427 F.3d at 1216. However, despite being rejected by

the ALJ, the record includes at least one contradictory opinion by Dr. Eugene

Kester in 2008 which concluded that Plaintiff had only mild functional limitations

in maintaining social functioning. Tr. 528. Thus, the ALJ must provide specific

and legitimate reasons, supported by substantial evidence, for rejecting the

opinions. *Id*.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 20

838. This reason is not specific and legitimate, nor is it supported by substantial evidence.

The only additional reason offered by the ALJ for rejecting Dr. Mabee's opinion is that the ability to maintain employment is a "disability issue left to the Commissioner." Tr. 33. The regulations are clear that the Commissioner is "responsible for making the determination or decision about whether you met the statutory definition of disability .... A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. §§ 404.1527(d), 416.927(d); *see also* §§ 404.1527(e)(3), 416.927(e)(3)("[w]e will not give any special significance to the source of an opinion on issues reserved to the Commissioner."). Thus, while it was not legal error for the ALJ to disregard Dr. Mabee's opinion specifically as to Plaintiff's capacity to maintain employment; this is not a specific and legitimate reason to reject Dr. Mabee's *medical opinion* regarding Plaintiff's functional limitations. The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Mabee's opinion.

## 2. Dr. John Arnold

In March 2011, Dr. Arnold opined that Plaintiff had moderate limitations in his ability to understand, remember, and persist in tasks by following complex instructions of more than three steps; and the ability to learn new tasks. Tr. 841.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 21

1   Dr. Arnold also opined that Plaintiff had marked limitations in his ability to

2   communicate and perform effectively in a work setting with public contacts and

3   his ability to maintain appropriate behavior in a work setting; and moderate

4   limitations in the ability to communicate and perform effectively in a work setting

5   with limited public contact. Tr. 841.

6          The ALJ gave no weight to Dr. Arnold's opinion that the claimant needed

7   minimal contact with other people in a work situation solely because "[t]his

8   determination is contrary to the other medical reports in the documentary record."

9   Tr. 33. Plaintiff argues the ALJ "did not identify which medical reports were in

10  variance to Dr. Arnold's conclusions," and instead relied on the "boilerplate

11  statement that objective factors do not support the conclusions." ECF No. 23 at 6

12  (citing *Embrey*, 849 F.2d at 421). The court agrees. Defendant is correct that

13  consistency with the record as a whole is a factor considered by the ALJ when

14  weighing a medical opinion.  ECF No. 21 at 6-7 (citing 20 C.F.R. §

15  404.1527(c)(4)).  However, in this case the ALJ provided no citation to the record

16  or specific explanation to support his conclusion that the opinion was contrary to

17  "other medical reports in the record."

18         Moreover, a cursory review of the record reveals other medical reports that

19  did, in fact, support Dr. Arnold's conclusion that Plaintiff should have minimal

20  contact with other people in a work situation. In 2010 Dr. Mabee opined marked

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  22

limitations in Plaintiff's ability to relate appropriately to co-workers and supervisors, and the ability to interact appropriately in public contacts. Tr. 828. In 2007 Victoria Carroll, MS opined that Plaintiff had marked limitations in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting; and moderate limitations in his ability to relate appropriately with co-workers and supervisors and interact appropriately in public contacts. Tr. 426. In 2008, Shari Lyszkiewicz, MS, opined that Plaintiff had marked limitations in his ability to relate appropriately to co-workers and supervisors; interact appropriately in public contacts; and respond appropriately to the pressures and expectations of a normal work setting. Tr. 758. The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Arnold's opinion.

### 3. Remand

Although not identified by Plaintiff, the court notes that the ALJ did not accord controlling or significant weight to any psychological evidence (Tr. 32-34); nor did the medical expert offer testimony as to Plaintiff's mental limitations (Tr. 91). Thus, the court is unclear as to what evidence the ALJ relied upon when including mental limitations in Plaintiff RFC "due to deficits of concentration, persistence, and pace associated with his mental impairments and perceptions of pain." Tr. 29; *See Bayliss*, 427 F.3d at 1217 (ALJ's RFC determination will be

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 23

affirmed if the ALJ "applied the proper legal standard and his [or her] decision is supported by substantial evidence"). Due to the ALJ's improper rejection of the psychological opinion evidence discussed above, and ambiguities regarding the weight assigned to the psychological opinion evidence and the resulting RFC; on remand the ALJ must reconsider all of the psychological opinion evidence, explain how findings are supported by substantial evidence, and provide legally sufficient specific and legitimate reasons for rejecting any psychological opinion. However, on remand the ALJ is expressly not required to reconsider findings as to the physical opinion evidence that was not challenged by Plaintiff; nor is the ALJ required to reconsider the ALJ's properly supported adverse credibility finding.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. On remand, the ALJ must reconsider the psychological opinion evidence only; and, if necessary, take additional testimony from a medical expert and vocational expert, and reconsider Plaintiff's RFC.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 16, is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment, ECF No. 21, is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT    24

1        The District Court Executive is hereby directed to enter this Order and

2    provide copies to counsel.

3        **DATED** this 5th of June, 2014.

4                                    _____s /Fred Van Sickle_____
                                           Fred Van Sickle
5                                    Senior United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT 25